[Civ. No. 7289. First Appellate District, Division One.—July 31, 1930.]

GEORGE STRAFIOTIS, Respondent, v. CALIFORNIA HIGHWAY INDEMNITY EXCHANGE (an Association), Appellant.

Barry J. Colding, Theodore Hale, Carroll B. Crawford and B. P. Gibbs for Appellant.

Edmund J. Holl and Charles P. Knights for Respondent.

DOOLING, J., *pro tem.* — Appeal from a judgment recovered upon a policy of indemnity insurance issued by appellant to one Marion P. Daniels, a jitney driver operating in San Francisco. Respondent recovered judgment for $6,000 and $67 costs on November 12, 1925, against Daniels, for personal injuries caused by the operation of his jitney bus. After an appeal this judgment was finally affirmed on May 14, 1928. Execution was issued on such judgment against Daniels and returned satisfied on September 11, 1928, only to the extent of $1200. Thereupon,

after due demand upon appellant, respondent commenced suit to recover the unpaid balance of the judgment, with interest. The trial court rendered judgment against appellant in the sum of $4,867, the amount of the unsatisfied portion of the principal sum of the judgment against Daniels, $91.50 costs of appeal, $41.15 costs of execution, together with interest on the sum of $5,067 from November 12, 1925, to September 11, 1928, and interest on the sum of $4,867 from September 12, 1928.

The only question on appeal is whether this judgment is in accordance with the terms of the policy of indemnity insurance issued by appellant to Daniels. The pertinent provisions of the policy provide as follows: Special agreement (a) indemnifies the insured "Against loss from . . . liability for damages on account of bodily injuries . . . accidentally suffered . . . by any person or persons, not in the employ of the subscriber, resulting directly from the ownership, use or maintenance of any automobile described in the schedule herein contained. . . . The Exchange's liability is limited to five thousand dollars ($5,000.00), for injury to or death of any one person . . . And in addition to said limited sums, the Exchange will pay the expense of litigation, and all costs taxed against the subscriber in any legal proceedings defended by the Exchange, together with any interest accruing after entry of judgment upon such part of said judgment as shall not be in excess of the limits of the Exchange's liability herein expressed." Section 13 of the general agreements of the policy reads: "No action shall lie against the attorney or any subscriber at the Exchange, to recover for any loss under this contract unless brought by the subscriber himself, nor to recover for any loss arising under clauses (a) or (c) of the Special Agreements unless brought by the subscriber himself to recover for money actually paid by him in satisfaction of a judgment after trial of the issue in a suit instituted within the period limited by the statute of limitations . . . provided, however, that the insolvency or bankruptcy of the subscriber shall not release the Exchange from the payment of damages (to a person not a party to this contract) for injury sustained or loss occasioned during the life of this contract, and in case execution against the subscriber is returned

unsatisfied in whole or in part in an action brought by the injured . . . because of such insolvency or bankruptcy, or because sufficient property of the judgment debtor cannot be found to satisfy such execution, then an action may be maintained by the injured person . . . against the Exchange, subject to and under the terms of this contract, for the amount of the judgment recovered in such action, not exceeding the amount herein limited or the amount that the subscriber might have recovered against the Exchange under this contract in the event the judgment had been fully satisfied against him.''

So far as it applies to this case the effect of the above-quoted provisions may be summarized thus: When, upon a judgment covered by this policy, an execution against the insured is returned unsatisfied, in whole or in part, because of insolvency, bankruptcy, or because sufficient property of the insured cannot be found to satisfy the judgment, the injured party can sue appellant. In such a suit the injured party can recover the amount that the insured might have recovered in the event judgment had been fully satisfied against him. In the event judgment is fully satisfied against the insured he may recover not to exceed $5,000 and in addition thereto all costs taxed against him in any suit defended by the Exchange, together with any interest accruing after entry of such judgment upon such sum as shall not be in excess of the limits of appellant's liability under the policy. Upon suit brought by an injured party after execution returned unsatisfied, in whole or in part, he may therefore recover just what the insured might recover if the judgment had been fully satisfied against him, i. e., not to exceed $5,000, plus all costs taxed, plus interest accruing after entry of judgment against the insured upon all amounts not exceeding $5,000 and the costs taxed. That is the precise measure of respondent's recovery in this case.

The case of *Tulare County Power Co.* v. *Pacific S. Co.*, 43 Cal. App. 315 [185 Pac. 399], cited by appellant, is not even remotely in point, since the contract in that case made no provision whatever for the payment of any interest. The sole question decided in that case is that interest may not be recovered upon a policy providing for the payment

of ''costs of suit,'' since interest is not properly a cost of suit.

The language of the contract before us is so plain that we can only ascribe the taking of this appeal to the over-zealousness of advocacy.

Judgment affirmed.

Tyler, P. J., and Cashin, J., concurred.